DANIEL G. BOGDEN
United States Attorney
Nevada State Bar No. 2137
Michael A. Humphreys
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>$16,000.00 IN UNITED STATES CURRENCY,<br><br>   Defendant. | 3:12-CV-411-MMD-(VPC) |

**DEFAULT JUDGMENT OF FORFEITURE AS TO ALL PERSONS OR ENTITIES WHO CLAIM AN INTEREST IN THE $16,000.00 IN UNITED STATES CURRENCY**
**AND**
**FINAL JUDGMENT OF FORFEITURE AS TO $16,000.00 IN UNITED STATES CURRENCY AND DAVID MUELLER, BRUCE NELSON, AND JOSHUA NELSON**

**I. FACTS**

1.     On March 9, 2012, Matthew Aaron Mueller was stopped on Interstate 80 near Elko, Nevada for a traffic violation. Mueller's father, David Mueller, was a back-seat passenger. Suspicious of Matthew Mueller's nervous behavior, and conflicting answers from both Muellers regarding the nature of their travel, the law enforcement officer asked for and received consent from the Muellers to search the car. A drug-detection dog alerted to the presence of a controlled substance in the vehicle.

2. Inside the vehicle's trunk were found two large bags. The bags contained a microscope, two large empty bags, a scale, and a notebook with numbers on it totaling approximately $16,000.00. Microscopes are commonly used by drug traffickers to ascertain the quality of marijuana plants, while scales are used by drug traffickers to weigh and determine drug amounts. The two empty bags were consistent with the type used to transport drugs. The notebook was consistent with that of a drug ledger.

3. Also found in the car were pre-paid cell phones and two books on the cultivation of marijuana.

4. David Mueller was later found to have $16,000.00 in United States Currency concealed in his clothing. The currency was wrapped in rubber bands consistent with the manner in which couriers package drug proceeds.

**II. PROCEDURE**

5. The United States of America ("United States") filed a verified Complaint for Forfeiture in Rem on August 6, 2012. Complaint, ECF No. 1. The Complaint (ECF No. 1) alleges the defendant property:

    a. was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    b. is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and;

    c. was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq*., and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

. . .

6. On August 21, 2012, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. Order for Summons and Warrant, ECF No. 3; Summons and Warrant, ECF No. 4.

7. Pursuant to the Order (ECF No. 3), the Complaint (ECF No. 1), the Order (ECF No. 3), the Summons and Warrant (ECF No. 4), and the Notice of Complaint for Forfeiture (ECF No. 9, p. 3-4, 17-18, 32-33 and ECF No. 9-1, p. 7-8, 26-27) were served on the $16,000.00 in United States Currency and all persons claiming an interest in the $16,000.00 in United States Currency. Notice was published according to law.

8. Pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp. Rule") G(5), all persons interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that (a) identifies the specific interest in the property claimed, (b) identifies the claimant and states the claimant's interest in the property, and (c) is signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on Michael A. Humphreys, Assistant United States Attorney, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Order for Summons and Warrant, ECF No. 3; Summons and Warrant, ECF No. 4; Notice of Complaint, ECF Nos. 9 and 9-1.

9. Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from August 25, 2012, through September 23, 2012. Notice of Filing Proof of Publication, ECF No. 5.

10. On September 17, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 9, p. 2-15.

11. On October 10, 2012, the United States Marshals Service personally served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on David Erwin Mueller, Bruce Nelson, and Joshua John Nelson, by and through their attorney Dennis A. Carmeron. Notice of Filing Service of Process, ECF No. 9, p. 16-29.

12. On October 10, 2012, the United States Marshals Service served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on Matthew Aaron Mueller by regular mail. Notice of Filing Service of Process, ECF No. 9, p. 30-44 and ECF No. 9-1, p. 1-19.

13. On October 29, 2012, David Mueller, Bruce Nelson, and Joshua Nelson filed a claim. Claim, ECF No. 6.

14. On October 29, 2012, David Mueller, Bruce Nelson, and Joshua Nelson filed an Answer to the Complaint. Answer, ECF No. 7.

15. On June 24, 2014, the United States filed a Settlement Agreement for Entry of Judgment of Forfeiture as to Claimants, and Order, regarding the $16,000.00 in United States Currency. Claimant waived, among other things, service of process. Settlement Agreement, ECF No. 16.

16. On June 25, 2014, the Court entered the Order granting the Settlement Agreement for Entry of Judgment of Forfeiture as to Claimant, and Order. Order Granting Settlement Agreement, ECF No. 18.

17. No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

18. On July 8, 2014, the United States filed a Motion for Entry of Clerk's Default against: (1) the $16,000.00 in United States Currency and (2) all persons or entities who claim an interest in the $16,000.00 in United States Currency in the above-entitled action except David Mueller, Bruce Nelson, and Joshua Nelson. Motion for Entry of Clerk's Default, ECF No. 19.

19. On July 10, 2014, the Clerk of the Court entered a Default against: (1) the $16,000.00 in United States Currency and (2) all persons or entities who claim an interest in the $16,000.00 in United States Currency in the above-entitled action except David Mueller, Bruce Nelson, and Joshua Nelson. Entry of Clerk's Default, ECF No. 20.

**III. JUDGMENT**

20. Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the complaint for forfeiture.

**IV. DEFAULT AND ENTRY OF DEFAULT**

21. As shown above, the United States has requested entry of Clerk's Default against the $16,000.00 in United States Currency and all persons or entities who claim an interest in the $16,000.00 in United States Currency in the above-entitled action except David Mueller, Bruce Nelson, and Joshua Nelson (ECF No. 19). The Clerk entered the Default as requested (ECF No. 20).

**V. NOTICE**

22. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. See above. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on all known potential claimants. See above.

**VI. LEGAL SUFFICIENCY OF THE COMPLAINT**

23. The Complaint filed in this action was verified. The Court has subject matter jurisdiction, in rem jurisdiction over the $16,000.00 in United States Currency, and venue. The

5

Complaint described the property with reasonable particularity. The Complaint states where the seizure of the $16,000.00 in United States Currency occurred and its current location. The Complaint identifies the statutes under which the forfeiture action is brought. The Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden proof at trial. See facts above. Complaint, ECF No. 1. Fed. R. Civ. P. Supp. Rule G(2).

24    The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

**VII.  POTENTIAL CLAIMANTS**

25.    David Mueller, Bruce Nelson, and Joshua Nelson have entered into a Settlement Agreement with the United States. No other person has filed a claim and the time to file a claim has passed.

26.    Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to all persons or entities who claim an interest in the $16,000.00 in United States Currency and Final Judgment of Forfeiture as to $16,000.00 in United States Currency and David Mueller, Bruce Nelson, and Joshua Nelson.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against all persons or entities who claim an interest in the $16,000.00 in United States Currency in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against the $16,000.00 in United States Currency and David Mueller, Bruce Nelson, and Joshua Nelson.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the $16,000.00 in United States Currency be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party, other than David Mueller, Bruce Nelson, and Joshua Nelson, whose rights and liabilities are adjudged below.

1    IT IS FURTHER ORDERED, ADJUDED AND DECREED, that, the property having been forfeited, within a practicable time hereafter for the United States, the United States must release to David Mueller, Bruce Nelson, and Joshua Nelson, through Dennis A. Cameron their counsel, one total payment of $3,000.00 in United States Currency, for all claimants, less any debt owed the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

_____
UNITED STATES DISTRICT JUDGE

DATED: July 11, 2014